IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD. and <br> SPIN MASTER, INC., <br>                 Plaintiffs, <br><br>     .<br>    v. <br><br><br> THE PARTNERSHIPS AND <br> UNINCORPORATED ASSOCIATIONS <br> IDENTIFIED ON SCHEDULE "A", <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-cv-00144 <br> ) Judge Sharon Johnson Coleman <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Plaintiffs Spin Master Ltd. and Spin Master, Inc. (collectively, "Spin Master") bring claims of trademark and copyright infringement against 93 online retailers. The Court *sua sponte* raised the issue of joinder, and in response, Plaintiffs filed a memorandum of law in support of the joinder of Defendants under Federal Rule of Civil Procedure 20. For the following reasons, the Court finds that joinder is improper. Plaintiffs may attempt to cure the joinder deficiency by filing an amended complaint by February 16, 2023, along with a second memorandum as to the propriety of joinder. The Court reserves ruling on Plaintiffs' motions for temporary restraining order [12] and electronic service of process [17]. Plaintiffs' motion for leave to file under seal [3] is granted.

**Background**

Spin Master is a children's entertainment company with trademarks and copyrighted designs for characters and products associated with the popular children's television show PAW Patrol. Spin Master alleges that Defendants operate e-commerce stores under aliases to sell counterfeit PAW patrol products to residents of Illinois. Spin Master brings trademark and copyright

infringement claims against the 93 Defendants, contending that they fit the same profile because they: (1) use nondescript seller aliases; (2) provide no information regarding their physical location; and (3) show evidence of market coordination by using similar advertising and marketing strategies while attempting to evade detection. (Dkt. 22, at 7.)

**Discussion**

The Court *sua sponte* addresses the propriety of joining all 93 Defendants. A plaintiff bears the burden of showing that joinder is proper. *See In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). Although the Court must accept the factual allegations in a plaintiff's complaint as true, it need not accept mere speculation or conclusory allegations. *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (explaining, in the class certification context, that speculation and conclusory allegations cannot support joinder). Pursuant to Federal Rule of Civil Procedure 20, defendants may be joined in one action if: (1) the claims are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there exists a question of law or fact common to all defendants. As part of this inquiry, "courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) [hereinafter "*Estée Lauder I*"] (Chang, J.) (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)). Courts retain considerable discretion in deciding whether Defendants have been properly joined. *UWM Student Ass'n. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Courts in this District have increasingly held that plaintiffs cannot join dozens, if not hundreds, of defendants under Rule 20 by merely alleging that they infringed on the same trademark or copyright. *See, e.g.*, *Estée Lauder I*, 334 F.R.D. at 187; *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-01041, 2021 WL 780486, at *2–3 (N.D. Ill. Mar. 1, 2021) (Aspen,

J.); 6/22/20 Order, *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, No. 20-cv-00845 (N.D. Ill. June 22, 2020) [hereinafter "*Estée Lauder II*"] (Lee, J.), ECF No. 40. These courts reasoned that "one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions or occurrences' as another defendant's unrelated infringement." *Estée Lauder I*, 334 F.R.D. at 187 (quoting Fed. R. Civ. P. 20(a)(2)(A)). Therefore, joinder on this basis is improper.

Spin Master attempts to distinguish *Estée Lauder I* and *II*, maintaining that the claims arise from the same transaction or occurrence because Defendants fit into a similar "profile." Specifically, Spin Master alleges that Defendants all use nondescript aliases and share no information about their physical location. (Dkt. 22, at 7.) But this generic allegation "would likely apply to counterfeiters at large," as all counterfeit product online retailers have an incentive to avoid trademark enforcement. *Estée Lauder II*, No. 20-cv-00845, ECF No. 40, at 10. Therefore, these allegations do not support joinder. Spin Master also contends that Defendants are connected because they use similar advertising and marketing strategies by offering products of similar price and quantities with the same text and images. (Dkt. 1 ¶ 30.) However, the record contradicts this proposition. Spin Master's exhibits evidencing the alleged infringement on Defendants' sites show a variety of different products, including wall decals, stickers, birthday party decorations and supplies, Halloween costumes, wrist watches, keychains, clothing, action figures, and more. (Dkts. 16-1, 16-2, 16-3, 16-4.) Further, the prices of these products range from less than one dollar to more than forty-five dollars. (Dkts. 16-1, at 154 and 16-3, at 59.) Given these differences, no inference can be made that Defendants' sales arise from the same transaction or occurrence, or same series of transactions or occurrences

Alternatively, Spin Master urges the Court to reject these prior opinions, but the principles outlined in these decisions accord with Rule 20. First, Spin Master argues that the *Estée Lauder I* and

3

*Estée Lauder II* courts narrowly interpret Rule 20 such that joinder of any number of defendants would not be permitted. To the contrary, those courts have allowed joinder of defendants in counterfeit products cases where defendants' sales of products were sufficiently related. *See, e.g., Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Co., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 20-cv-6550, 2020 WL 11272646 (N.D. Ill. Dec. 14, 2020) (Lee, J.).

The Court likewise holds that joinder of unrelated trademark and copyright claims do not promote judicial economy "because this Court must evaluate the evidence submitted in support of liability and, eventually, damages." *Estée Lauder I*, 334 F.R.D. at 189. Spin Master responds that the calculation of damages "is not applicable in this case because Spin Master will likely be seeking a statutory damages award pursuant to 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c)" following Defendants' default. (Dkt. 22, at 10.) But the Court must nonetheless assess the scope and severity of the infringement to award, within the statutory range, damages in an amount it "considers just." 15 U.S.C. § 1117(c)(1)–(2); 17 U.S.C. § 504(c)(1); *see also Estée Lauder II*, No. 20-cv-00845, ECF No. 40, at 7 (noting that statutory damages for trademark infringement require a "more tailored judgment" specific to each defendant). Further, Spin Master contends that prematurely severing Defendants into separate cases could prejudice Defendants by requiring them to defend identical, concurrent lawsuits. However, if one Defendant's claims were severed into separate lawsuits, the Court could consolidate the cases under Federal Rule of Civil Procedure 42(a).

**Conclusion**

For the foregoing reasons, the Court, in its discretion, holds that the 93 Defendants are not properly joined under Rule 20(a)(2)). Plaintiffs may file an amended complaint by February 16, 2023, narrowing the claims to a subset of Defendants who are properly joined along with a second memorandum as to why joinder is proper. The Court reserves ruling on Plaintiffs' motions for

temporary restraining order [12] and electronic service of process [17] until Plaintiffs cure the Rule 20 deficiency. Plaintiffs' motion for leave to file under seal [3] is granted.

IT IS SO ORDERED.

Date: 1/20/2023                                           Entered: _____
                                                                   SHARON JOHNSON COLEMAN
                                                                   United States District Judge